# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| JOE N. THOMAS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:21-cv-01100-JEH-RLH |
| ILLINOIS DEPARTMENT OF TRANSPORTATION, | ) |
| Defendant. | ) |

## ORDER

Now before the Court is Plaintiff Joe N. Thomas' (doc. 47) Motion for Sanctions, Defendant Illinois Department of Transportation's Response (doc. 49), and Plaintiff's Reply (doc. 51-1). After a status conference held on May 23, 2025, the parties were directed to file supplemental briefings (docs. 53, 54); this matter is therefore ripe for review. For the following reasons, the (doc. 47) Motion is GRANTED IN PART.

### BACKGROUND

Plaintiff alleges disability discrimination, failure to accommodate, and retaliation in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* (Doc. 1).[1] Specifically, Plaintiff asserts that his rights were violated when Defendant refused to allow him to return to work in January 2019 despite a temporary medical restriction, and subsequently suspending him in retaliation of

---

[1] The Court granted Defendant's Motion to Dismiss Counts IV and V of Plaintiff's Complaint with prejudice on January 21, 2022. (Text Order dated January 21, 2022). Specifically, Count IV alleged "an Illinois Human Rights Act violation and Count V allege[d] a violation of the Uniformed Services Employment and Reemployment Rights Act." *Id.*

filing an Equal Employment Opportunity Commission ("EEOC") charge on or about April 22, 2019. (Doc. 1 at 4–5, 9).

At issue here, Plaintiff seeks to identify similarly situated employees who were permitted to work with medical restrictions or light duty assignments. (Doc. 47 at 1–2). Central to Plaintiff's Motion for Sanctions is Interrogatory Number Eight, which requests detailed information on any highway maintainers within Region Three who worked with medical restrictions from January 1, 2017, to the present. (Doc. 47 at 2). Prior to this dispute, on January 6, 2025, the Court ordered Defendant to respond "in full" to Interrogatory Number Eight within fourteen days. (Minute Entry dated January 6, 2025). Despite the Court's directive, Defendant failed to comply fully, citing burdensomeness and record-keeping limitations. (Doc. 49 at 1). Accordingly, Plaintiff seeks sanctions under Rule 37(b).

## LEGAL STANDARD

Federal Rule of Civil Procedure 37(b)(2) authorizes the Court to impose sanctions where a party "fails to obey an order to provide or permit discovery." The type and severity of sanctions are left to the Court's discretion, subject to the principle of proportionality and the need to deter future misconduct. *See S.E.C. v. First Choice Mgmt. Servs., Inc.*, 678 F.3d 538, 543 (7th Cir. 2012) ("Judges have inherent authority to impose sanctions for misconduct by litigants, their lawyers, witnesses, and others who participate in a lawsuit over which the judge is presiding."); *Rice v. City of Chicago*, 333 F.3d 780, 784 (7th Cir. 2003) ("Among the factors included in the analysis are 'the frequency and magnitude of the party's failure to comply with court

deadlines, the effect of these failures on the court's time and schedules, the prejudice to other litigants, and the possible merits of the plaintiff's suit.' " (citation modified) (quoting *Williams v. Chicago Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998)). The Court's analysis follows.

## DISCUSSION

A.    *Noncompliance with the Court's January 6, 2025, Order*

On January 6, 2025, the Court expressly ordered Defendant to respond "in full" to Interrogatory Number Eight, including its subparts. (Doc. 53-2 at 18) (transcript of Minute Entry dated January 6, 2025). The Court emphasized that Plaintiff was entitled to discover responsive information regarding similarly situated employees who worked under medical restrictions within Region Three from 2017 to the present. (Doc. 53-2 at 17–18). The Court made clear that Defendant's internal recordkeeping limitations or poor documentation practices would not excuse noncompliance. (Doc. 53-2 at 18).

Despite this directive, Defendant's second supplemental response—served on January 19, 2025—remains materially deficient in the following respects:

1. **Failure to Provide Required Descriptions of Work Restrictions**: Defendant failed to provide a meaningful response to subpart (b) of Interrogatory Number Eight, which sought a description of each Highway Maintainer's work restrictions or inability to perform job duties. Instead, Defendant reproduced "injury descriptions" from Occupational Safety and Health Administration ("OSHA") logs, such as "strained lower back," which do not describe the actual work limitations or accommodations afforded. This distinction is critical for Plaintiff's burden to establish similarly situated comparators under the indirect method of ADA proof.

3

2. **Improper Reliance on OSHA Logs**: OSHA logs, by their nature, do not contain the granularity required to answer Interrogatory Number Eight. For example, OSHA forms cap restricted duty days at 180, which led to underreporting of relevant accommodations.

3. **Geographic and Temporal Deficiencies**: Defendant's responses were limited to District Four and failed to include data from District Five, despite Region Three encompassing both. Defendant also omitted data from the year 2017 altogether, citing OSHA's five-year retention policy. However, this policy does not relieve parties of discovery obligations, particularly when litigation commenced within the retention window, and legal holds were likely warranted.

4. **Lack of Evidence Supporting Burden Objection**: Defendant argues that collecting restriction data would be unduly burdensome due to storage in physical records or third-party administration. However, these assertions are unsupported by affidavits, declarations, or specific facts. A generalized claim of burden is legally insufficient to resist discovery, particularly after a direct court order. Moreover, Plaintiff identified standardized forms (e.g., OCC 3010 Work Status Slips) that would have made compliance reasonably straightforward.

   B. *Prejudice to Plaintiff*

Plaintiff has shown substantial prejudice from Defendant's noncompliance. Plaintiff is unable to identify comparators—an essential component of his prima facie ADA case under the indirect method—without the requested work restriction data. Inadequate discovery responses have also hindered the scheduling of depositions, including Rule 30(b)(6) testimony. As such, Plaintiff's ability to prepare his case for summary judgment or trial has been materially impaired.

   C. *Defendant's Justifications Are Unpersuasive*

Defendant argues that: (1) the production was "substantially justified" because the information sought was excessive or not proportional; (2) comparator

4

identification is Plaintiff's burden; and (3) work restrictions are difficult to retrieve. (Doc. 49 at 3–9). The Court finds these arguments unpersuasive.

First, the Court already determined that Interrogatory Number Eight was appropriate and proportional. Second, while Plaintiff bears the ultimate burden of proving comparators, he cannot do so without Defendant's disclosure of relevant work restrictions. *See Bunn v. Khoury Enters., Inc.*, 753 F.3d 676, 685 (7th Cir. 2014) ("The employer's burden in that regard is one of production, not persuasion; the burden of persuasion remains with the employee throughout the process."). Third, Defendant's lack of internal accessibility to its own records—especially after litigation began—does not excuse noncompliance. The duty to preserve and produce relevant discovery, particularly after EEOC charges were filed, is well established.

D.    *Sanctions Are Warranted Under Rule 37(b)(2)*

Federal Rule of Civil Procedure 37(b)(2) provides a range of sanctions, including:

- (i) directing that matters embraced in the order be taken as established;
- (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses;
- (iii) striking pleadings in whole or in part;
- (vi) staying further proceedings;
- (vii) rendering default judgment.

Because Defendant's failure, while serious and prejudicial, has not yet risen to the level requiring default, the Court finds that intermediate sanctions are appropriate. Nevertheless, sanctions are still warranted. Here, a stay of proceedings is necessary to prompt full compliance and preserve Plaintiff's right to meaningful discovery.

E.   *Alleged Failure to Provide Advance Notice Under Rule 45*

Plaintiff also seeks sanctions based on Defendant's alleged failure to provide adequate advance notice of a third-party subpoena served on the State Employee Retirement System. (Doc. 53 at 9). Plaintiff contends that receiving notice only hours before the subpoena was mailed deprived them of sufficient time to raise objections or otherwise confer regarding the scope of the subpoena. (Doc. 53 at 9–10).

Federal Rule of Civil Procedure 45(a)(4) provides that if a subpoena commands the production of documents or electronically stored information, "then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." However, the rule does not specify the amount of notice required. As the court explained in *Architectural Iron Workers' Local No. 63 Welfare Fund v. Legna Installers Inc.*, "[w]ith only hours' notice before the subpoenas hit the mail, Defendants did not have sufficient time by which to object and seek to resolve any dispute. Nevertheless, Rule 45 does not specify how much notice is required." No. 22 C 5757, 2023 WL 2974083, at *3 (N.D. Ill. Apr. 17, 2023). Applying that rationale here, the Court finds that Plaintiff received notice of the subpoena prior to service, satisfying the bare requirements of Federal Rule of Civil Procedure 45(a)(4). Accordingly, sanctions are not warranted on this basis.

That said, the Court emphasizes—as did the court in *Architectural Iron Workers'*—that providing minimal, eleventh-hour notice is not best practice. 2023 WL 2974083, at *3. "Professional courtesy would be preferred," and litigants are expected to consider "what professional courtesy they would prefer under similar circumstances" when issuing subpoenas. *Id.* Had the parties had more time to confer,

6

it is possible that the matter could have been resolved without motion practice. The Court, therefore, admonishes Defendant and its counsel to avoid repeating this conduct in the future and to afford opposing counsel meaningful notice of third-party subpoenas in advance of service whenever practicable.

## Conclusion

IT IS THEREFORE ORDERED:

1. Plaintiff's Motion for Sanctions (doc. 47) is GRANTED IN PART.

2. Defendant is ORDERED to provide full and complete responses to Interrogatory Number Eight, including all subparts, within **14 days** of this Order. This includes (i) Descriptions of work restrictions and/or inability to perform job duties; (ii) Coverage of the entire Region Three, including both Districts Four and Five; and (iii) Responsive information from January 1, 2017, to the present.

3. All other discovery and case deadlines are STAYED pending Defendant's full compliance with this Order or further Order of the Court.

4. The Court reiterates that continued noncompliance with the Court's discovery orders will not be tolerated. If Defendant fails to provide complete responses as required, the Court may impose additional sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2)(A), including but not limited to: (i) Taking as established that other Highway Maintainers with similar or greater restrictions were permitted to work in limited duty capacities; (ii) Finding that

Defendant could have reasonably accommodated Plaintiff without undue hardship; or (iii) Entering default judgment on one or more claims.

- In addition, failure to timely comply will subject Defendant to a finding of civil contempt.

5. Pursuant to Rule 37(b)(2)(C), Defendant is ORDERED to pay Plaintiff's reasonable expenses, including attorneys' fees, incurred in bringing the (doc. 47) Motion for Sanctions as it relates to Interrogatory Number Eight. Plaintiff is directed to file an itemized accounting of those costs and fees within **14 days** of this Order.

6. Plaintiff's (doc. 55) Motion for Leave to File Reply to Defendant's Response to Plaintiff's Supplemental Brief is MOOT.

SO ORDERED.

Entered this 23rd day of June 2025.

s/ Ronald L. Hanna
Ronald L. Hanna
United States Magistrate Judge
